IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         CRIMINAL ACTION NO. 2:10-cr-00045

WILSON WATSON, JR.,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On August 12, 2015, the Court entered an *Order* (Document 49) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 51) and the Defendant (Document 52), submitted pursuant to the Court's *Order* (Document 49). The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), on April 27, 2010. The PSR attributed 2.8 kilograms of cocaine to the Defendant. That corresponded to a base offense level of twenty-eight (28). He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-five (25). The Defendant had three criminal history points at the time of his conviction, resulting in a criminal history category of II. His original guideline range was 63 to 78 months. On September 1, 2010, the Court imposed a sentence of sixty-three (63) months.

Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-three (23). The revised guideline imprisonment range is 51 to 63 months. He is, therefore, eligible for a sentencing reduction.

During his term of incarceration, the Defendant has satisfied his financial assessments through participation in the inmate financial responsibility program. He also completed the drug education program. He lost fourteen (14) days of good time credit for possessing an oversized mattress in March, 2014.

The United States does not object to a sentencing reduction for the Defendant. The Defendant argues that he was originally sentenced to the bottom of his guideline range, and should receive a sentence reduction to 51 months, at the bottom of his amended guideline range.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to twenty-six (26). After consideration of the three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-three (23)**. Given his criminal history category of **II**, his offense level establishes a revised guideline imprisonment range of **51 to 63 months.** After careful

review of all relevant information, the Court further **ORDERS** that the Defendant's sentence be **REDUCED** to **fifty-one (51) months**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 11, 2015

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA